**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AXEL OMAR MONTES DE OCA-BOLANOS, | No. 16-70870 |
| Petitioner, | Agency No. A206-464-032 |
| v. | MEMORANDUM[*] |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2018[**]
San Francisco, California

Before: GILMAN,[***] PAEZ, and OWENS, Circuit Judges.

Petitioner Axel Omar Montes De Oca-Bolanos (Montes), a native and

citizen of Guatemala, alleges that he would be persecuted and tortured by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Mara-18 gang if he is removed to Guatemala. An immigration judge (IJ) denied Montes's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Board of Immigration Appeals (BIA) affirmed.

On appeal, Montes argues that the BIA erred in concluding that (1) "current and former bus drivers" is not a "particular social group" eligible for asylum and withholding of removal, and (2) he does not qualify for protection under the CAT. For the reasons set forth below, we **DENY** Montes's petition for review.

## I.      Montes's asylum claim

Montes is ineligible for asylum because he has not established persecution on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A). If an applicant requests asylum based on "membership in a particular social group," he or she must establish that the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 277, 237 (BIA 2014)). Montes is ineligible for asylum because "current and former bus drivers" is not a cognizable particular social group.

This court has repeatedly declined to recognize one's employment as a particular social group because a person's job is generally not an immutable or

2

fundamental characteristic. *See, e.g.*, *Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005) (stating that a group of "business owners" did not share an "innate characteristic"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Being a bus driver is not an immutable characteristic, nor is it fundamental to Montes's identity or conscience. *See Donchev v. Mukasey*, 553 F.3d 1206, 1216 (9th Cir. 2009) (stating that a "common immutable characteristic" is an attribute a person "cannot change, or should not be required to change because it is fundamental to their individual identities or consciences" (quoting *Matter of Acosta*, 19 I & N. Dec. 211, 233 (BIA 1985)).

Montes contends, however, that his status as a *former* bus driver is an immutable characteristic that can form the basis of a particular social group. He argues that "even if [he] decides to change professions, he will always remain a former bus driver who failed to pay his extortion demand." We are not persuaded. According to the record, gangs make extortion demands by calling the bus stations or by boarding buses and attacking drivers. There is no evidence that gangs target former bus drivers, nor any evidence that Montes would be perceived as a former bus driver by Guatemalan society or by the gangs.

## II. Montes's withholding-of-removal claim

Montes next seeks withholding of removal. But because Montes has not established eligibility for asylum, he necessarily has not fulfilled the higher evidentiary burden of proof required for withholding of removal. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

## III. Montes's CAT claim

Montes finally seeks CAT protection. To qualify for protection under the CAT, an applicant must show that he or she will more than likely be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* at § 1208.18(a)(7). "[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The record does not compel the conclusion that Montes would more than likely be tortured with the consent or acquiescence any Guatemalan official. In fact, Montes submitted evidence with photographs showing the Guatemalan police arresting suspected gang members. The record also shows that the Guatemalan

4

government uses legislative action, reforms, and other programs to combat gang activity and violence. The BIA therefore did not err in denying Montes protection under the CAT.

## IV. Conclusion

For all of the reasons set forth above, we **DENY** Montes's petition for review.